# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TAMMY BROOKS, | ) | CASE NO. 1:19CV272 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| FRANKLIN PLAZA NURSING HOME | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendant Franklin Boulevard Nursing Home, Inc. d/b/a Franklin Plaza's ("Franklin") Partial Motion for Judgment on the Pleadings on Counts I and III of Plaintiff's Complaint. (ECF # 13). For the following reasons, the Court denies Defendant's Motion.

On February 5, 2019, Plaintiff Tammy Brooks ("Brooks") filed her Complaint with the Court, alleging Age Discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. § 623 (Count I); Retaliation in violation of the ADEA, 29 USC § 623(d); and Age Discrimination in violation of Ohio Revised Code Sections 4112.14 and 4112.02(L).

**Background Facts**

According to her Complaint, Brooks began working for Defendant Franklin in 1986. Brooks was employed by Defendant for over thirty years until she was terminated by Franklin in 2018. At the time of her termination, Brooks was a sixty year old laundry aide earning $22.44 per hour. Brooks had received promotions during her employment with Franklin. Franklin put into place two policies that Brooks contends were discriminatory against older employees. The first policy was a wage freeze for those who were employed by Franklin for over thirty years. The second policy was a "use it or lose it" policy requiring employees use their personal and vacation days or lose them. Brooks alleges these policies discriminated against older employees.

**Franklin's Motion**

Franklin moves to dismiss Brooks' age discrimination claims at Counts I and III, arguing that both the United States Supreme Court and the Sixth Circuit Court of Appeals have held that wage freezes based on years of service and costs to the employer are not discriminatory. Furthermore, Franklin argues that it never implemented a use it or lose it policy as evidenced by Brooks' earnings statements, which Franklin attached to its Answer, demonstrating that Brooks was paid for her vacation and personal days.

**Brooks Opposition**

In Opposition, Brooks disputes Franklin's characterization of her age discrimination claims as based solely on years of service. Brooks alleges Franklin picks out isolated allegations in the Complaint as support for its argument while ignoring the entirety of the claims. Brooks alleges Franklin hired a new Administrator in 2016 who made ageist remarks to Brooks and put in place the two policies in question discriminating against older employees by targeting them

for termination in order to replace them with younger, less costly employees.

Brooks acknowledges she was paid for her vacation and personal days but that does not prove the use it or lose it policy did not exist. In fact, Brooks wanted to save the days and be paid for her unused days at the end of the year. However, Franklin forced her to use the days causing her financial loss. Unlike older employees, Franklin allowed younger employees to be paid for unused vacation and sick days. This creates an issue of fact according to Brooks that should result in denial of Franklin's Motion.

## LAW AND ANALYSIS

### Standard of Review

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same legal standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Almendares v. Palmer*, 284 F.Supp. 2d 799, 802 (N.D. Ohio 2003). Therefore, as with a motion to dismiss, the Court must test the sufficiency of the complaint and determine whether "accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege 'enough facts to state a claim for relief that is plausible on its face.'" *Ashmus v. Bay Vill. Sch. Dist. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 62208 (N.D. Ohio 2007), *quoting Bell Atlantic Corp. v. Twombly*, U.S., 127 S.Ct. 1955, 1974 (2007). Claims alleged in the complaint must be "plausible," not merely "conceivable." *Id*. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). A Rule 12(c) motion "is granted when ***no material issue of fact*** exists

and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (emphasis added). A written instrument attached to a pleading is a part of the pleading for all purposes. Fed. R. Civ. P. 10(c). "In addition, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 335–36 (6th Cir. 2007).

### Use it or Lose It

Franklin contends there was no "use it or lose it" policy because Brooks' earning statements, attached to Franklin's Answer, indicate she was paid for vacation and personal days. Brooks concedes she was paid for her personal and vacation time but argues that Franklin required her to use the time rather than save it and be paid out for any unused time at the end of the year. Franklin did not require younger employees to use all their vacation and personal time or risk losing it. Brooks alleges she suffered monetary loss because she was unable to save her vacation and sick time and be paid out for any unused days. Because the Court must accept as true at this stage of the proceedings Brooks' allegations that Franklin had a use it or lose it policy directed solely at older employees, and because Brooks' earning statements are not dispositive of the question whether there was a use it or lose it policy that was applied solely to older employees, the Court denies Franklin's Partial Motion on this issue and Brooks' Age Discrimination claims may proceed.

### Wage Freeze and Years of Service

In *Hazen Paper Co. v. Biggins,* 507 U.S. 604 (1993), the United States Supreme Court held that an employment decision based on years of service is "analytically distinct" from an

4

employment decision based on age. In *Hazen,* the Supreme Court considered whether an employer's decision to terminate an employee shortly before his pension vested was a violation of the ADEA. The Court held that " a decision by the company to fire an older employee solely because he has nine-plus years of service and therefore is close to vesting would not constitute discriminatory treatment on the basis of age." *Id* at 612. However, the Supreme Court did state that "we do not preclude the possibility that an employer who targets employees with a particular pension status (based on years of service) on the assumption that those employees are likely to be older thereby engages in age discrimination." *Id*. Consequently, the Supreme Court remanded the case back to the Court of Appeals to reconsider whether the jury had sufficient evidence to find an ADEA violation

Here, Brooks' Complaint alleges she was employed by Franklin for thirty years without any performance issues before a new administrator was hired. That new administrator "made many remarks and comments about age to Tammy Brooks such as, "when are you going to retire?" (Complaint at 22). Franklin then implemented the two allegedly discriminatory policies. The Complaint further alleges that Brooks was forced "to sign a waiver for a wage freeze for only those there 30 years or more." (*Id* at 23). "This policy impacted older workers and did not impact younger workers." (*Id*.) At paragraph 26, Brooks alleges she complained about the wage freeze for older employees.

"A plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the "but-for" cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167, 177–78, 129 S. Ct. 2343, 2351, 174 L. Ed. 2d 119 (2009) "Unlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination

by showing that age was simply a motivating factor." *Id* at 174. Thus, there is no mixed motive liability under ADEA. Therefore, Brooks must show that age was the motivating factor for Franklin's alleged discrimination. At this point in the proceedings, the Court holds her Complaint alleges sufficient facts for a jury to find age discrimination.

First, her Complaint already states a claim for age discrimination based on the use it or lose it policy as described above. Second, her Complaint alleges the wage freeze was based on age and/or disparately impacted older employees. This is sufficient to state a claim for age discrimination. Lastly, Brooks alleges at paragraph 46 of her Complaint she was replaced by a substantially younger worker. The Sixth Circuit has established the elements of an age discrimination claim. " In order to prove a prima facie case of discrimination, a plaintiff must show 1) that he is a member of a protected group, 2) that he was subject to an adverse employment decision, 3) that he was qualified for the position, and 4) that he was replaced by a person outside of the protected class. (Internal citations omitted.) In age discrimination cases, the protected class includes all workers at least 40 years old and the fourth element is modified to require replacement not by a person outside the protected class, but merely replacement by a significantly younger person." *Grosjean v. First Energy Corp.*, 349 F.3d 332, 335 (6th Cir. 2003).

Because Brooks has alleged sufficient facts supporting age discrimination, Franklin's Partial Motion for Judgment on the Pleadings is denied.

IT IS SO ORDERED.

DATED: October 10, 2019 /s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge